HARVARD LAW SCHOOL LIBRARY

---

## WARD v. WEHMAN *et al.*

*Fraudulent conveyance*: DELIVERY FOR RECORD BY GRANTOR. The fact that the grantor in a deed delivered the same to the recorder for the purpose of having it recorded, may be a circumstance tending to show fraud in the transaction; but that fact alone would not, as a matter of law, render the deed fraudulent, nor would it sustain a verdict of a jury to that effect.

*Appeal from Howard District Court.*

TUESDAY, JUNE 15.

ACTION by ordinary proceedings by the plaintiffs against the defendant, Frederick Wehman, upon a judgment record of the Supreme Court of the city and county of New York. A writ of attachment was procured and levied upon certain real estate in Howard county. The appellant, Bernhart Asmus, filed his petition as intervenor, asserting his claim to the real estate attached. Upon the trial there was judgment for plaintiffs for the amount of their claim, and also judgment against the intervenor, adjudging his title to be fraudulent and void. The intervenor alone appeals. The further facts are stated in the opinion.

*Levi Bullis and Noble & Hatch* for the appellant.

No appearance for the appellee.

COLE, J. — The bill of exceptions shows that on the trial of the cause the intervenor, for the purpose of showing title to the real estate attached, to be in him, introduced a deed therefor, of date January 25th, 1865, made by the defendant, Frederick Wehman, and his wife to him. This deed was duly acknowledged and was recorded on the 25th day of May, 1865, the attachment in this case having been sued out and levied upon said real estate on the 6th day of May, 1865, The plaintiff then introduced the recorder of Howard county, where said real estate is situated, and he testified that the deed was delivered to him for record by the grantor, the defendant, Frederick Wehman, which was all the evidence. " And (as the bill of exceptions states) thereupon the court ruled said deed to be fraudulent and void." This ruling is assigned as error.

The fact, that the grantor in a deed delivers the same to the recorder for the purpose of having it recorded, may be a circumstance, in connection with others, tending to show fraud in the transaction. But that fact alone does not, as a matter of law, make the deed fraudulent and void, nor would it sustain a verdict of a jury to the same effect.

Reversed.